IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 1:05-cr-00291 |
| ) | |
| ) | |
| BRUNO URIOSTEGUI ) | |

**MOTION TO SUPPRESS STOP, SEARCH AND SEIZURE AND CITATIONS OF AUTHORITY**

**COMES NOW**, the Defendant, Bruno Uriostegui, by and through undersigned counsel, Kevin L. Butler, and pursuant to the Fourth and Fifth Amendments to the United States Constitution, moves this Court for an Order suppressing all evidence and statements illegally seized as a result of the stop, search and seizure of the vehicle driven by Bruno Uriostegui on December 5, 2005.

This evidence includes but is not limited to: (a) any and all physical evidence seized from the vehicle, (b) any and all statements made as a result of the illegal stop, search and seizure of the vehicle, and (c) any other "fruit" of the illegal stop, search and seizure.

**Facts**

On December 5, 2005, Mr. Uriostegui was operating his vehicle safely and within posted speed limits. Nevertheless, Mr. Uriostegui's vehicle was stopped by Dothan Police Sgt. A. Hughes for a purported traffic violation. After the vehicle was stopped, Officer Hughes ran an identity check of Mr. Uriostegui and his passenger though the U.S. Department of Homeland Security's Blue Lightning Operation Center (BLOC). Based upon information obtained through BLOC, Mr. Uriostegui was arrested and charged in this Court with illegally re-entering the

country.

### Argument

The stop of Mr. Uriostegui was not based upon probable cause or information indicating that he had violated any traffic laws. Therefore, the subsequent stop, search and seizure were improper and all evidence seized as a result of the unconstitutional stop, search, and seizure must be suppressed.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

One of those exceptions is the stop of a vehicle. However, police may only stop a vehicle if the totality of circumstances show that there is probable cause to believe occupant(s) have violated the law (i.e. committed a traffic violation or some other offense). *United States v. Arvizu*, 122 S.Ct. 744 (2002). And though a police officer may order an individual out of the vehicle once it is stopped, there must be some legitimate basis (i.e. traffic violation) for the stop of the vehicle. *Wren v. United States*, 517 U.S. 806 (1996); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977).

In this case, there was no reasonable basis or justification for the stop. Mr. Uriostegui was not violating any traffic rules or laws and the officers had no cause to believe he was

engaged in any illegal conduct.[1]

**WHEREFORE,** Mr. Uriostegui asks this Court to enter an order suppressing all evidence (statements and items) seized during and subsequent to the stop of the vehicle he was driving on December 5, 2005. This evidence includes, but is not limited to:

(a)     any and all physical evidence seized from the vehicle;

(b)     any and all statements made by Mr. Uriostegui after any stop of the vehicle; and

(c)     any and all evidence obtained as a result or "fruit" of any such seizures.

Dated this 18th day of January 2006.

                        Respectfully submitted,

                        s/ Kevin L. Butler
                        KEVIN L. BUTLER
                        First Assistant Federal Defender
                        201 Monroe Street, Suite 407
                        Montgomery, Alabama 36104
                        Phone: (334) 834-2099
                        Fax: (334) 834-0353
                        E-mail: kevin_butler@fd.org
                        AZ Bar Code: 014138

---

[1] The fact that Mr. Uriostegui and his passengers are Hispanic and their identifications were run through the Department of Homeland Security's database (and not a motor vehicle database) evidences the possibility this was a pretextual profile stop.

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CR. No.: 1:05-cr-00291** |
| ) | |
| ) | |
| **BRUNO URIOSTEGUI** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Brown Hardwick, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138